FILED

OCT 26 2007

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LEON BRINSTON; MABEL MUNSON DAVIS; JAMES DOUGLAS; KARDERO JAMES HARRIS; MINNIE LEE MOORE; SANDRA MURRAY; MILDRED ROBERSON; ALFRED D. ROBERSON, JR; MABEL SMITH; GLORIA C. TOWNSEND; RUBY WILLIAMS; EDDIE B. WASHINGTON;<br><br>        Plaintiffs,<br><br>vs.<br><br>KOPPERS INDUSTRIES INC. [sic], A FOREIGN CORPORATION; THE BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, A FOREIGN CORPORATION;<br><br>        Defendants. | CIVIL ACTION NO. A07CA 902 SS<br><br>JURY REQUESTED |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant KOPPERS INC. ("Koppers"),[1] by and through its undersigned counsel, hereby removes the above-entitled action from the District Court of Burleson County, Texas, to the United States District Court for the Western District of Texas, Austin Division, on the basis of the following facts:

---

[1] Koppers is incorrectly identified as "Koppers Industries, Inc." in Plaintiffs' Complaint.

I.  **INTRODUCTION**

A.  **The Present Action**

1. On October 25, 2007, an action was commenced in the District Court of Burleson County, Texas entitled *Leon Brinston, et al. v. Koppers Industries Inc., et al.*, Case No. 25,099 (the "Brinston Action"). A copy of the Brinston Complaint is attached hereto as Exhibit A.[2] Koppers has not been served.

2. The eight named plaintiffs in the Brinston Action (the "Brinston Plaintiffs" or "Plaintiffs") are Mabel Munson Davis; Kardero James Harris; Minnie Lee Moore; Sandra Murray; Alfred D. Roberson, Jr.; Mabel Smith; Gloria C. Townsend; and Eddie B. Washington. Brinston Complaint, ¶¶ 8-15.[3] Plaintiff Smith appears to be a citizen of Oregon, while the other Brinston Plaintiffs appear to be citizens of Texas. *Id.*

3. The Brinston Plaintiffs have sued Koppers and a co-defendant, the Burlington Northern Santa Fe Railway Company ("Burlington"). The Brinston Plaintiffs challenge defendants' operation of a wood treatment facility near Somerville, Texas (the "Somerville Plant"). Koppers and Burlington deny all of Plaintiffs' allegations and all the allegations from the earlier class actions described herein, and specifically deny all

---

[2] Concurrently with their Complaint, the Brinston Plaintiffs also filed in the Brinston Action an Original Petition, Application for Temporary Injunction and Request for Disclosure (the "Brinston Petition") and a proposed Order Granting Plaintiff's Motion for Temporary Injunction (the "Brinston Proposed Order"). Copies of the Brinston Petition and Brinston Proposed Order are attached hereto as Exhibit B and Exhibit C, respectively. The Brinston Petition is brought on behalf of the proposed class alleged in the Brinston Action, by the same named plaintiffs and putative class representatives, under the same cause number as the Brinston Complaint. In docketing the case with a single cause number, the state court recognized the two pleadings as one single action. By this Notice, Koppers effects removal of the entire action.

[3] The Brinston Compliant lists four additional names – Leon Brinston, James Douglas, Mildred Robinson, and Ruby Williams – in the caption that are not mentioned in the body of the complaint. Given the absence of any factual allegations identifying these individuals, it is questionable at best whether they can be considered named plaintiffs in this action. They are not included in the definition of Brinston Plaintiffs in this Notice. Whether these individuals exist and intend to be part of this case, however, has no impact on jurisdiction.

2

claims of purported contamination, health risk, property damage, and personal injury made in connection with the Somerville Plant.

4. Among other things. the Brinston Plaintiffs allege that "toxic chemicals" were used at the Somerville Plaint "to produce treated railroad ties and other chemically treated specialty wood products for the railroad industry" and that these chemicals allegedly "have contaminated plaintiffs' homes and real estate, places of business and public schools" as well as "the air, ground, and water resources of the Somerville environment." Brinston Complaint, ¶¶ 2, 4.

5. The Brinston Plaintiffs purport to represent a class of "all persons who own property or lease property within 1 mile of the plant" and who allegedly "have had their person and/or property contaminated with the aforesaid toxins released from the Somerville plant." Brinston Complaint, ¶ 37.

### B. The Other Putative Class Actions With The Same Or Similar Factual Allegations

6. The Brinston Action is the third putative class action that asserts the same or similar factual allegations against Koppers and Burlington involving alleged toxic exposure and alleged contamination resulting from operation of the Somerville Plant. As explained below, there have been two other such putative class actions in the past three years – one of which (Davis) having been filed before Judge Sparks in the Western District of Texas, by these same named plaintiffs and counsel and making virtually the same allegations.

### i. The Davis Action

7. On June 26, 2005, an action was commenced in the United States District Court for the Western District of Texas entitled *Leonard Davis, et al. v. Koppers*

3

*Industries, Inc., et al.,* Case No. A05CA464 SS (the "Davis Action"). A copy of the Davis Complaint is attached hereto as <u>Exhibit D</u>.

8.  Each of the Brinston Plaintiffs was also a named plaintiff in the Davis Action. Davis Complaint, ¶¶ 9, 12, 14-19.

9.  Like the Brinston Plaintiffs, the Davis Plaintiffs sued Koppers and Burlington, among others, likewise challenging the defendants' operation of the Somerville Plant. Like the Brinston Plaintiffs, the Davis Plaintiffs alleged that "toxic chemicals" were used at the Somerville Plant "to produce treated railroad ties and other chemically treated specialty wood products for the railroad industry" and that these chemicals allegedly had "contaminated plaintiffs' homes and real estate, places of business and public schools" as well as "the air, ground, and water resources of the Somerville environment." Davis Complaint, ¶¶ 2, 5.

10. Although defined in slightly different terms, the Davis Plaintiffs purported to represent a class almost identical to the proposed class in the Brinston Action; namely past and present property owners and residents, and those who were employed and went to school, within five miles of the Somerville plant. Davis Complaint, ¶¶ 73-74.

11. In short, the Brinston Action and the Davis Action involve the same or similar factual allegations asserted against the same defendants.[4] Indeed, portions of the factual allegations in the Brinston Complaint appear to be copied verbatim from the Davis Complaint.[5]

---

[4] In addition, two of the plaintiffs' attorneys in the Brinston Action – Grover G. Hankins and Dwight E. Jefferson – also represented the plaintiffs in the Davis Action.

[5] Compare, for example, Brinston Complaint at ¶¶ 1-3 and Davis Complaint at ¶¶ 1-3; Brinston Complaint at ¶ 16 and Davis Complaint at ¶ 20; and Brinston Complaint at ¶¶ 41-45 and Davis Complaint at ¶¶ 76-80.

### ii. The Batts Action

12. More recently, another group of named plaintiff residents and former residents of Somerville, Texas brought a proposed class action against Koppers asserting similar factual allegations as alleged in both the Davis and Brinston Actions.

13. On October 15, 2007, an action was commenced in the United States District Court for the Western District of Pennsylvania entitled *Bill Batts, et al. v. Koppers, Inc.* (the "Batts Action"). A copy of the Batts Complaint is attached hereto as Exhibit E.

14. The Batts Plaintiffs also challenge Koppers' operation of the Somerville Plant, alleging that "processing and production of creosote treated railroad track crossties" purportedly results in "unsafe and highly toxic amounts of creosote, dioxins, pentachlorophenol chemicals, and other carcinogenic chemical by-products" being "released into the air and atmosphere immediately covering the community of Somerville" and falling or settling "upon Plaintiffs' homes, land, buildings, schools, and the community in general." Batts Complaint, ¶ 15.

15. The Batts Plaintiffs seek to represent a proposed class of "[a]ll past and present residents of the city of Somerville, in Burleson County, Texas since the commencement of wood treatment operations in Somerville, Burleson County, Texas by Defendant Koppers." Batts Complaint, ¶ 57(A).

16. Again, the Brinston Action and the Batts Action involve the same or similar factual allegations asserted against at least one of the same primary defendants, Koppers.

17.     The present Brinston Action before this Court, therefore, is the third class action brought within the last three years involving claims against Koppers alleging toxic exposure and contamination resulting from the operation of the wood treatment plant in Somerville.

## II.     REMOVAL OF THIS ACTION IS PROPER

### A.     Koppers' Notice Of Removal Is Timely

18.     On October 25, 2007, Koppers obtained a copy of the Brinston Summons and Complaint, although it has not been served. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of pleadings and orders of which Koppers is aware in this action is attached hereto as Exhibit F.

19.     This notice of removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

### B.     Removal Is Proper Pursuant To 28 U.S.C. ¶¶ 1441 And 1446

20.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and 1453.

21.     The District Court of Burleson County, Texas is located within the Western District of Texas, Austin Division. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22.     Pursuant to 28 U.S.C. § 1446(a), Koppers will promptly file a Notice of Filing of Notice of Removal with the District Court of Burleson County, Texas.

Likewise, Koppers will promptly serve the Brinston Plaintiffs' attorneys of record with this Notice of Removal and the Notice of Filing.

23. While the consent of co-defendants is not required under the Class Action Fairness Act as set forth at 28 U.S.C. §1453(b), counsel for Koppers has conferred with counsel for Burlington, and Burlington consents to this removal.

**C.   This Court Has Jurisdiction Pursuant To The Class Action Fairness Act, 28 U.S.C. § 1332(d)**

24. This case is subject to removal pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

25. As set forth below, the Brinston Complaint alleges a putative class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from some defendants; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**i.   Class Action Consisting Of More Than 100 Members**

26. In their complaint, the Brinston Plaintiffs purport to represent a class of "all persons who own property or lease property within 1 mile of the plant" and "have had their person and/or property contaminated with the aforesaid toxins released from the Somerville plant." Brinston Complaint, ¶ 37.

27. Plaintiffs allege this putative class numbers "in excess of 2500 current and former residents and property owners of the class affected area." Brinston Complaint, ¶ 20.

28. Based on these and other allegations, the aggregate number of class members of all proposed plaintiff classes is obviously greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### ii. Diversity Of Citizenship

29. Seven of the Brinston Plaintiffs are citizens of the State of Texas. Brinston Complaint, ¶¶ 8-12, 14-15.

30. One of the Brinston Plaintiffs is a citizen of the State of Oregon. Brinston Complaint, ¶ 13.

31. Koppers is, and was at the time the Brinston Plaintiffs commenced this action, a corporation organized under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania. Brinston Complaint, ¶ 17.

32. Koppers is therefore a citizen of the State of Pennsylvania, and the diversity of citizenship requirement that "any member of a class of plaintiffs is a citizen of a State different from any defendant" is met. 28 U.S.C. § 1332(d)(2)(A).

### iii. The Amount-In-Controversy Requirement

33. The Brinston Plaintiffs allege five separate claims for (1) Private Nuisance (Count I); (2) Trespass (Count II); (3) Negligence (Count III); (4) Negligence Per Se (Count IV); and (5) Gross Negligence (Count V).

34. Based on these allegations, the Brinston Plaintiffs seek several forms of relief, including:

    a. Compensatory damages for (1) the "loss of value of real estate and any improvements thereon, including the loss of use, any clean up costs and in the event of a total loss, the loss of the intrinsic value of a home"; (2) the costs "to relocate [Plaintiffs'] homes, buildings, and other property to a new location outside of the contaminated area"; (3) "new furniture, clothing, other

      contaminable articles, and all relocation expenses"; and (4) the "cost of temporary relocation of all class members until such time as they are able to find permanent residences";

  b. An order enjoining "all operations at Defendants' wood treatment facility located in Somerville, Texas";

  c. Punitive damages;

  d. Attorneys' fees, expenses, and costs; and

  e. "[A]ll other relief to which the plaintiffs are entitled."

Brinston Complaint, ¶¶ 97-105; Brinston Petition, ¶ 24; and Brinston Proposed Order.

  35. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

  36. Koppers and Burlington vigorously deny that Plaintiffs are entitled to any of their sought-for relief. Applying CAFA amount standards, however, it is clear the Brinston Plaintiffs' claims easily meet the jurisdictional threshold. Even assuming that the proposed class were to consist of the minimum 2,500 class members alleged in the Brinston Complaint, damages of $2,000 for each plaintiff, which would be modest given the type of compensatory and punitive damages sought here, would meet that threshold.

  37. Moreover, the injunctive relief requested by the Brinston Plaintiffs must be measured as "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). Enjoining all operations of the Somerville Plant would alone easily exceed the $5,000,000 jurisdictional threshold in a very short period of time.

## III. CONCLUSION

38.     Upon filing of this Notice of the removal of this cause, written notice of the filing is being given by Koppers to Plaintiff and counsel, and is being filed with the Clerk of the state court in which this cause was originally filed, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Koppers Inc. hereby removes the above-styled action pending against it in the 335 Judicial District Court of Burleson County, Texas, to this Honorable Court.

Respectfully submitted,

**CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION**

By: _____
Michael R. Klatt
State Bar No. 11554200
Susan E. Burnett
State Bar No. 20648050
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800 (Telephone)
(512) 474-1129 (Facsimile)

**ATTORNEYS FOR DEFENDANT
KOPPERS INC.**

OF COUNSEL:

Robert L. Shuftan (admitted *pro hac vice*)
Leonard S. Kurfirst (admitted *pro hac vice*)
Paul K. Freeborn (admitted *pro hac vice*)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Suite 2800
Chicago, IL  60606
(312) 201-2000 (Telephone)
(312) 201-2555 (Facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing documents has been served on all known counsel of records on this 26th day of October, 2007 via certified mail, return receipt requested.

Susan E. Burnett

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEON BRINSTON, | § | |
| MABEL MUNSON DAVIS, | § | |
| JAMES DOUGLAS, | § | |
| KARDERO JAMES HARRIS, | § | |
| MINNIE LEE MOORE, | § | CIVIL ACTION NO. _____ |
| SANDRA MURRAY, | § | |
| MILDRED ROBERSON, | § | |
| ALFRED D. ROBERSON, JR., | § | |
| MABEL SMITH, | § | |
| GLORIA C. TOWNSEND, | § | JURY REQUESTED |
| RUBY WILLIAMS, | § | |
| EDDIE B. WASHINGTON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| KOPPERS INDUSTRIES INC., | § | |
| A FOREIGN CORPORATION; THE | § | |
| BURLINGTON NORTHERN SANTA | § | |
| FE RAILWAY COMPANY, A | § | |
| FOREIGN CORPORATION; | § | |
| | § | |
| Defendants. | § | |

**EXHIBITS TO DEFENDANT KOPPERS INDUSTRIES INC.'S
<u>NOTICE OF REMOVAL</u>**

EXHIBIT A   Class Action Complaint

EXHIBIT B   Plaintiffs' Original Petition, Application for Temporary Injunction and Request for Disclosure

EXHIBIT C   Order Granting Plaintiff's Motion for Temporary Injunction

EXHIBIT D   Class Action Complaint in Davis Case

EXHIBIT E   Class Action Complaint in Batts Case

EXHIBIT F   State court docket sheet and copy of state court file (Will Supplement – Docket Sheet has not been created)

EXHIBIT G   List of All Parties & Status of Case

EXHIBIT H   List of Attorneys

EXHIBIT I   Record of Parties Requesting Trial by Jury

EXHIBIT J   State Court Information